IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL GERALD HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:09-CV-990-CSC |
| ) | (WO) |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. Introduction**

The plaintiff applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., alleging that he was unable to work because of a disability. His application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3).[2]  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be reversed and this case remanded to the Commissioner for further proceedings.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...

To make this determination[3] the Commissioner employs a five step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2]Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.

[3]A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Ingram v. Comm. of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. The Issues

**A. Introduction.** The plaintiff was 49 years old at the time of the hearing before the ALJ and has a General Equivalency Diploma. The plaintiff's prior work experience includes work as a truck driver. Following the administrative hearing, the ALJ concluded that the plaintiff has impairments of right leg pain, low back pain, high blood pressure, hearing problems, and impaired night vision. Nonetheless, the ALJ concluded that the

3

plaintiff was not disabled because the plaintiff has the residual functional capacity to perform full range of sedentary work.

**B.  The Plaintiff's Claims.**  The plaintiff advances three claims which, as stated by the plaintiff, are set out below.

1. The Commissioner's decision should be reversed, because the ALJ failed to issue a credibility finding in compliance with the law of the Eleventh Circuit

2. The Commissioner's decision should be reversed, because there is no support for the ALJ's residual functional capacity assessment.

3. The Commissioner's decision should be reversed, because the ALJ erred in mechanically applying the Medical-Vocational Guidelines and in not obtaining vocational expert testimony

## IV.  Discussion

**A.  The Credibility Determination.**  The ALJ found that the plaintiff's "medically determinable impairment could reasonably be expected to cause the alleged symptoms . . . " (R. 13) However, the ALJ did not fully credit the plaintiff's testimony about disabling pain.  "[The] effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." *Id.*  In evaluating the credibility of a claimant's testimony regarding his symptoms, the ALJ may consider (1) the claimant's daily activities; (2) "the location, duration frequency and intensity" of the pain and other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the "type, dosage, effectiveness, and side effects of any medication"; and

(5) other treatments the claimant uses to relieve his pain. 20 C.F.R. § 404.1529(c)(3). Where an ALJ decides not to credit a claimant's testimony about pain (or other non-exertional impairments), the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Foote v.Chater*, 67 F.3d 1553, 1561-62 (11th Cir.1995); *Jones v. Department of Health & Human Servs.*, 941 F.2d 1529,1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *See Hale v. Bowman*, 831 F.2d 1007,1012 (11th Cir. 1987); *MacGregor v. Bowen*, 786 F.2d 1050,1054 (11th Cir.1986). "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision ... is not a broad rejection which is not enough to enable the district court or this Court to conclude that the ALJ considered her medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir.2005) (quotations and alterations omitted). In this case, the ALJ provided an explanation.

> The claimant has a history of degenerative joint pain and lower back pain, for which he has undergone successful treatment and management. Progress notes from Dr. Vyas indicate that the claimant has not experienced any weakness or numbness or the lower extremity. When seen in July 2008, claimant indicated he was feeling fine, and reported no special problems.
>
> As for the opinion evidence, determinative weight is assigned to Dr. Vyas' assessment which reflects that the claimant had no specific problems when seen on July 2008, and in fact indicated he was feeling fine. Although a medical impression of osteoarthritis was rendered, no limitations were enforced which would preclude the claimant from performing work at the sedentary level of exertion.

(R. 13-14)

While not the most thorough or detailed explanation, the ALJ's reasons are sufficient to support his credibility conclusion which the court will not disturb.

**B. Residual Functional Capacity and Application of the Grids.** The ALJ concluded that the plaintiff could perform a full range of sedentary work. (R. 13) Based on that conclusion, the ALJ applied the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P. App. 2, (Grids) to conclude that the plaintiff was not disabled. The plaintiff argues this was error, and the plaintiff is right. " '[E]xclusive reliance on the grids is not appropriate either when the claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills.' " *Foote v. Chater*, 67 F.3d 1553, 1558 (11th Cir. 1995) (quoting *Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir. 1985).

The ALJ in this case concluded that the plaintiff could not return to his prior work as a truck driver. (R. 14) The ALJ also concluded that the plaintiff's hypertension and vision and hearing impairments were not severe. Thus, the only impairment identified by the ALJ which could cause functional limitations is the plaintiff's back pain. Pain, of course, is a non-exertional impairment. *Walker v. Bowen*, 826 F.2d 996, 1003 (11th Cir.1987). The ALJ does not explain why the plaintiff's pain compromises his ability to perform the medium work of a truck driver but not sedentary work. In other words, the ALJ does not explain how he concluded that the plaintiff can perform a full range of sedentary work with the pain he does experience. In the absence of that explanation,

6

there is no substantial evidence in this case to support the ALJ's conclusion that the plaintiff can perform a full range of sedentary work. *See Welch v. Bowen*, 854 F.2d 436, 439 (11th Cir. 1988) (ALJ must make specific finds about whether non-exertional impairments are severe enough to preclude a wide range of work at a given level). *See also Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Thus, exclusive reliance on the grids in this case was erroneous. On remand, the ALJ must seek vocational expert testimony. *Foote, supra.*

A few comments about the ALJ's residual functional capacity determination are in order since this case must be remanded. The ALJ recites that a physical activities questionnaire[4] "indicates that the claimant can perform some jobs, but with some level of difficulty due to leg and back pain." (R. 13) The ALJ also recites the testimony of the plaintiff about his ability to sit/stand and walk. On remand, the ALJ should provide a more complete explanation of the basis on which he concluded that the plaintiff can perform sedentary work.

For the foregoing reasons, this case will be reversed and remanded to the Commissioner for further proceedings consistent with this memorandum opinion. It is further

ORDERED that, in accordance with *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1278 fn. 2 (11th Cir. 2006), the plaintiff shall have **sixty (60)** days after he receives

---

[4]The ALJ incorrectly identifies this document as Exhibit B5E. The Administrative Record lists the document as B3F. (R. 163-170)

notice of any amount of past due benefits awarded to seek attorney's fees under 42 U.S.C. § 406(b).  *See also Blitch v. Astrue*, 261 Fed. Appx. 241, 242 fn.1 (11th Cir. 2008). A separate final judgment will be entered.

    Done this 11th day of March, 2011.

                    /s/Charles S. Coody
                    CHARLES S. COODY
                    UNITED STATES MAGISTRATE JUDGE